Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS RAFAEL SALA LUGO Y OTROS<br>Recurrido<br><br>v.<br><br>FJR ACQUISITION, LLC A/C/C FJR ACQUISITION CORP. Y OTROS<br>Peticionario<br><br><br>ANTONIO LUIS SALA PIETRI<br>Parte con interés | KLCE202400278 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso número: AR2019CV00895[1]<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y la Jueza Aldebol Mora.

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 3 de mayo de 2024.

Comparece Francisco J. Rivera Fernández (Rivera Fernández o peticionario) y nos solicita la revocación de una *Orden,* emitida y notificada el 6 de febrero de 2024, mediante la cual el Tribunal de Primera Instancia, Sala de Arecibo (TPI o foro primario) le anotó la rebeldía.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

**I.**

Por motivo de la demanda (caso núm. AR2019CV00895) interpuesta por Luis Rafael Sala Lugo y otros (demandantes o parte recurrida) en contra de FJR Acquisition, LLC a/c/c FJR Acquisition Corp. (FJR), Antonio Luis Sala Pietri (como parte con interés) y Rivera Fernández,[2] el TPI expidió emplazamientos dirigidos a todas

---

[1] Consolidado con el caso núm. MT2023CV00377.
[2] Este último fue acumulado mediante *Demanda Enmendada* presentada el 23 de junio de 2021 y autorizada mediante *Minuta-Resolución,* notificada el 15 de septiembre de 2021.

Número Identificador

RES2024 _____

las partes, respectivamente. Tras varios incidentes que no son necesarios pormenorizar, esta Curia, mediante *Sentencia* emitida el 11 de abril de 2023 (recurso núm. KLCE202300117), ordenó la desestimación sin perjuicio de la causa de acción en contra de Rivera Fernández. Ello, debido a que, había transcurrido el término de ciento veinte (120) días sin que se efectuara, conforme a derecho, el diligenciamiento del emplazamiento personal dirigido a Rivera Fernández.

Así las cosas, el 24 de mayo de 2023, los mismos demandantes iniciaron un pleito independiente (caso número MT2023CV00377) ante el TPI, Sala de Manatí, con las mismas alegaciones en contra de Rivera Fernández.[3] Ante la imposibilidad de emplazar a Rivera Fernández personalmente, el 17 de julio de 2023, los demandantes acudieron ante el foro primario mediante una *Moción solicitando emplazamiento por edicto*.[4] Junto a su petitorio, presentaron una declaración jurada de Humberto Meléndez Medina[5] en la cual informa las gestiones infructuosas realizadas para emplazar a Rivera Fernández. Evaluado lo anterior, el TPI autorizó el referido emplazamiento por edicto, el 19 de julio de 2023, según solicitado.[6] A esos efectos, el demandante sometió la evidencia del diligenciamiento del emplazamiento por edicto, mediante una *Moción acreditando publicación de emplazamiento por edicto,* presentada el 1 de agosto de 2023.[7]

Por entender que ambos pleitos son entre las mismas partes y versan sobre las mismas alegaciones, los demandantes solicitaron

---

[3] Véase, Apéndice, págs. 112-118. En la demanda se incluyó a Antonio Luis Pietri como parte con interés.
[4] Véase, Apéndice, págs. 120-122.
[5] Véase, Apéndice, págs. 123-125.
[6] Véase, Apéndice, págs. 130-131.
[7] Entrada núm. 10 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial del caso núm. MT2023CV00377.

la consolidación del pleito radicado en la Sala de Manatí con el caso de epígrafe, pendiente ante la Sala de Arecibo.[8]

Coetáneo a lo antes, el TPI también atendió una moción dispositiva presentada (en el caso número MT2023CV00377) por Rivera Fernández.[9] En ella, levantó como defensa la presunta falta de partes indispensables e imputó a los demandantes incurrir en la práctica de búsqueda de foro favorable. Precisa señalar, para propósitos del recurso ante nos que, en la referida moción, el peticionario no cuestionó la suficiencia del emplazamiento por edicto.

Evaluado lo anterior, el TPI notificó una *Resolución* el 3 de octubre de 2023, mediante la cual, declaró no ha lugar el petitorio dispositivo y autorizó la consolidación de ambos pleitos.[10] A su vez, en el caso número AR2019CV00895, el TPI emitió una *Orden* en donde dispuso: "El Tribunal se da por enterado. Ha lugar. Se ordena la consolidación del caso de epígrafe con el caso MT2023CV00377."[11]

Así las cosas y estando el pleito consolidado, el 18 de diciembre de 2023, los demandantes solicitaron que el TPI anotara la rebeldía a Rivera Fernandez, conforme a la Regla 45.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1.[12] Fundamentaron su postura en que, Rivera Fernández no cumplió con el término reglamentario que establece la Regla 10.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1. A su entender, había transcurrido el periodo de setenta y seis (76) días desde que la sala hermana había denegado la moción de

---

[8] Véase, Apéndice, págs. 132-138.
[9] Véase, Apéndice, págs. 139-148.
[10] Véase, Apéndice, págs. 165-167. En atención a las referidas solicitudes de reconsideración del peticionario, la referida Orden de consolidación fue reiterada en dos ocasiones adicionales.  Véase Apéndice, págs. 189 y 195.
[11] Véase, Apéndice, pág. 168.
[12] Véase, Apéndice, págs. 199-200.

desestimación de Rivera Fernández, sin él haber acreditado su alegación responsiva.

A lo antes, el peticionario se opuso. En su escrito, presentado el 19 de diciembre de 2023, puntualizó que, tras solicitar reconsideración el TPI "tan reciente como el pasado 15 de noviembre de 2023" sostuvo la consolidación de los casos.[13] Luego de ello, solicitó veinte (20) días adicionales para presentar su alegación responsiva "tomando en consideración que en las próximas semanas habrán múltiples días de fiesta por razón de la época navideña."[14] Añadió que, siempre ha sido diligente en el proceso.

Transcurrido el periodo navideño el TPI, mediante *Orden* notificada en autos el 8 de enero de 2024, anotó la rebeldía a Rivera Fernández.[15] El 23 de enero de 2024, el peticionario suplicó al foro primario que reconsiderara la determinación, por las mismas razones expuestas con anterioridad.[16] El foro primario denegó la solicitud y, mediante *Orden* notificada el 6 de febrero de 2024, sostuvo la anotación de la rebeldía.[17] Conforme surge del expediente, el 29 de febrero de 2024, con posterioridad a la referida denegatoria, el peticionario presentó en autos su contestación a la demanda.[18]

En reacción, los demandantes solicitaron la eliminación y desglose de la alegación responsiva de Rivera Fernández.[19] En su moción argumentaron que, Rivera Fernández contestó la demanda estando en rebeldía y transcurridos 149 días desde que el TPI denegó su moción desestimatoria, sin acreditar justa causa para su dilación.

---

[13] Véase, Apéndice, pág. 204.
[14] *Íd.*
[15] Véase, Apéndice, pág. 211.
[16] Véase, Apéndice, págs. 212-216.
[17] Véase, Apéndice, pág. 217.
[18] Véase, Apéndice, págs. 218-223.
[19] Véase, Apéndice, págs. 224-227.

Inconforme, Rivera Fernández acude ante esta Curia y señala la comisión de los siguientes errores:

> El TPI carece de jurisdicción sobre la persona del Sr. Francisco J. Rivera Fernández ya que el emplazamiento por edicto llevado a cabo dentro del caso MT2023CV00377 es nulo debido a que fue autorizado mediante una declaración jurada insuficiente en derecho y por lo tanto el TPI no podía anotarle la rebeldía y lo que procede es que se desestimara el pleito por haber transcurrido los 120 días para diligenciar el emplazamiento sin que se haya hecho.
>
> Erró el TPI al haberle anotado la rebeldía al Sr. Francisco J. Rivera Fernández.

En cumplimiento con nuestra *Resolución,* la parte recurrida comparece mediante una *Moción de desestimación y en oposición a la expedición del auto de certiorari.* En ella, expone los fundamentos por los cuales debemos desestimar el recurso, o en la alternativa, denegar la expedición del auto de *certiorari.* En respuesta, la parte peticionaria acredita su oposición a la referida moción dispositiva. Evaluadas las posturas de las partes, declaramos no ha lugar a la solicitud de desestimación, según solicitada.

De otra parte, el peticionario solicitó la paralización de los procesos. A esos efectos, emitimos una *Resolución* el 2 de abril de 2024, mediante la cual, declaramos no ha lugar a la moción en auxilio de jurisdicción instada por Rivera Fernández.

Con el beneficio de la comparecencia de las partes procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es

revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones,

4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### III.

En su recurso, el peticionario solicita que ejerzamos nuestra función discrecional para levantar la anotación de rebeldía que le impuso el TPI y para desestimar la demanda incoada en su contra, por entender que el emplazamiento por edicto estuvo sustentado en una declaración jurada insuficiente en derecho.

Al entender sobre el recurso instado, con particular atención a los documentos presentados ante nos, advertimos que ningún criterio jurídico particular justifica que dejemos sin efecto las determinaciones recurridas.

De un examen del expediente colegimos que, el foro primario evaluó el cuadro fáctico procesal ante su atención y tomó en consideración que, a partir del 3 de octubre de 2023, -fecha en que el foro primario denegó la moción dispositiva- comenzó el término de diez (10) días para que Rivera Fernández acreditara su alegación responsiva, a tenor de la Regla 10.1 de las Reglas de Procedimiento Civil, *supra.* No obstante, el 8 de enero de 2024, al cabo de 97 días, el TPI anotó la rebeldía al peticionario, quien a esa fecha no había contestado la demanda. Es de notar que, sin acreditar justa causa, el peticionario presentó su contestación a la demanda el 29 de febrero de 2024.

Con respecto a la suficiencia de la declaración jurada para fundamentar el emplazamiento por edicto, surge de los autos que, el foro primario examinó el contenido de dicha declaración y, conforme a la Regla 4.6 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, autorizó el emplazamiento por edicto mediante una orden, notificada en autos el 19 de julio de 2023.

Hemos evaluado sosegadamente los pronunciamientos recurridos y, dentro del marco jurídico antes expuesto, no se desprende que, en el ejercicio de sus facultades, el foro recurrido haya incurrido en error o en abuso de discreción. Lo antes, de forma tal que, se haga meritorio obviar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. Podemos apreciar que, tanto la anotación de rebeldía, así como la expedición del emplazamiento por edicto, resultan del adecuado ejercicio de las facultades propias del foro primario, correspondiente a la tramitación apropiada de dichos asuntos

interlocutorios. Ante ello, no resulta necesario que intervengamos en esta etapa de los procesos. Por tanto, y conforme a las disposiciones de la Regla 40, *supra*, no procede la expedición del auto de *certiorari*, según solicitado.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones